SAMUEL W. HAYWARD *vs.* NATHAN GEORGE.
SAME *vs.* SAME.

If mortgaged personal property is attached, under Gen. Sts. *c.* 123, §§ 67–71, and the mort
gagee summoned as trustee, and the officer subsequently delivers up the property to the
defendant in the writ, upon taking a receipt therefor, and the trustee is discharged, no
action can be maintained upon the receipt.

Two actions of contract brought by a deputy sheriff upon
two receipts taken by him for personal property attached by him
on two writs against Benjamin D. Williams, to whom the prop-
erty was thereupon delivered.   The receipts were signed by
Williams and the defendant.

At the trials in the superior court, before *Morton*, J., it ap-
peared in each action that at the time of the attachments the
personal property was mortgaged to Amariah A. Taft, who was
summoned in each original writ as trustee, and appeared therein
and made answer setting up his mortgage and averring that a
sum exceeding the value of the property was due to him
thereon ; and he was thereafter discharged with costs.   And the
present plaintiff admitted that this mortgage was still outstand-
ing and unpaid, and that a larger sum was due thereon than
the value of the property.

Upon these facts, with others which are now immaterial, the
judge ruled that these actions could not be maintained, and
directed verdicts for the defendant, which were accordingly ren-
dered ; and the plaintiff alleged exceptions.

*T. G. Kent*, for the plaintiff.

*W. F. Slocum & H. B. Staples*, for the defendant.

FOSTER, J.   Where a creditor attaches mortgaged personal
property and summons the mortgagee as trustee, pursuant to
the provisions of Gen. Sts. *c.* 123, §§ 67–71, he acquires the right
to examine the mortgagee under oath concerning the considera-
tion of the mortgage and the amount of the debt secured by
it ; and to have a trial which shall determine its invalidity, or
ascertain the sum to be paid in redemption.   On the other hand,
the mortgagee also is entitled to have the course marked out by

the statute pursued. The attaching creditor must pay to him the amount ascertained to be due on the mortgage within the time prescribed by the court, or restore the property. He cannot discontinue as against the trustee without vacating the attachment. In the present case, the judgment discharging the trustee operated as such dissolution, and terminated all the creditor's interest in the mortgaged property attached. *Martin* v. *Bayley*, 1 Allen, 381.

This being so, the present plaintiff cannot recover against the receiptor for the benefit of the creditor. Nor can he recover for the benefit of the debtor, the mortgagor, to whom, upon the execution of the receiptor's contract, the property was at once redelivered. Nor, upon the evidence, is the deputy sheriff under any liability to the mortgagee, by virtue of which he can maintain the present action. As soon as the property was redelivered to the mortgagor, the mortgagee was restored to all his rights, and could enforce his mortgage as well as if no attachment had been made.

During all the time the property was held by the officer under the writ of attachment, the proceedings were regular and in conformity with the statute. If the officer had given up the property as soon as the trustee was discharged, he would have performed his exact legal duty in the premises; but he did give it up long before. And there has never been any moment of time when he was a wrongdoer and liable to an action by the mortgagee.

This view of the law disposes of both actions between the parties, in each of which there must be

*Judgment on the verdict for the defendant.*